No. 24-10208

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

ABEL GARZA

*Plaintiff – Appellant*

v.

ENERGY TRANSFER PARTNERS, L.L.C. and LA GRANGE ACQUISITION, L.P.

*Defendants – Appellees*

_____

On Appeal from the United States District Court, Northern District of Texas, No. 3:23-cv-00027-D, Honorable Sidney A. Fitzwater, Presiding

_____

## RECORD EXCEPRTS OF APPELLANT ABEL GARZA

_____

Submitted By:

Charles H. Peckham
Mary Abbott Martin
Peckham Martin, PLLC
800 Bering Drive, Suite 220
Houston, TX 77057
(713) 574-9044

*Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

| Tab # | Contents | ROA |
|---|---|---|
| 1. | Docket Sheet | ROA.1 |
| 2. | Notice of Appeal | ROA.1971 |
| 3. | Judgment | ROA.1970 |
| 4. | Memorandum Opinion and Order | ROA.1948 |
| 5. | Certificate of Service | |

# TAB 1

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:23-cv-00027-D

Garza v. Energy Transfer Partners LLC et al

Assigned to: Senior Judge Sidney A Fitzwater

 Case in other court:  95th Judicial District Court of Dallas County, TX, DC-22-16128

Cause: 38:4311 Discrimination Against Persons Who Serve in the Uniformed Services

Date Filed: 01/05/2023
Date Terminated: 03/07/2024
Jury Demand: Plaintiff
Nature of Suit: 445 Civil Rights: Americans with Disabilities - Employment
Jurisdiction: Federal Question

## Plaintiff

**Abel Garza**

represented by

**Charles H Peckham**
Peckham Martin PLLC
200 Bering Dr
Suite 220
Houston, TX 77057
713-574-9044
Email: cpeckham@pmlaw-us.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Mary A Martin**
Peckham PLLC
Two Bearing Drive
Suite 220
Houston, TX 77057
713.574.9044
Fax: 713.494.2255
*Bar Status: Not Admitted*

V.

## Defendant

**Energy Transfer Partners LLC**

represented by

**Kelley Edwards**
Littler Mendelson PC
1301 McKinney St
Suite 1900
Houston, TX 77010-3095
713-652-4702
Fax: 713-951-9212
Email: kedwards@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Matthew Alexander Swanger**

Littler Mendelson PC
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
214-880-8100
Fax: 214-880-0181
Email: mswanger@littler.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**La Grange Acquisition LP**           represented by  **Kelley Edwards**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Matthew Alexander Swanger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2023 | 1 (p.7) | NOTICE OF REMOVAL WITH JURY DEMAND filed by Energy Transfer Partners LLC, La Grange Acquisition LP. (Filing fee $402; receipt number ATXNDC-13416327) In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.7) Cover Sheet, # 2 (p.66) Cover Sheet Supplement, # 3 (p.68) Exhibit(s) Appendix in Support) (Swanger, Matthew) (Attachment 1 replaced to flatten pdf on 1/6/2023) (mms). Modified on 1/6/2023 (mms). (Entered: 01/05/2023) |
| 01/05/2023 | 2 (p.66) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Energy Transfer Partners LLC, La Grange Acquisition LP. (Clerk QC note: Affiliate entry indicated). (Swanger, Matthew) (Main Document 2 replaced to flatten pdf on 1/6/2023) (mms). Modified on 1/6/2023 (mms). (Entered: 01/05/2023) |
| 01/05/2023 | 3 (p.68) | NOTICE of *Designantion of Lead Counsel for Defendants* filed by Energy Transfer Partners LLC, La Grange Acquisition LP (Swanger, Matthew) (Entered: 01/05/2023) |
| 01/05/2023 | 4 (p.71) | NOTICE of Attorney Appearance by Matthew Alexander Swanger on behalf of Energy Transfer Partners LLC, La Grange Acquisition LP. (Filer confirms contact info in ECF is current.) (Swanger, Matthew) (Entered: 01/05/2023) |
| 01/05/2023 | 5 (p.74) | |

| | | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Horan). Clerk to provide copy to plaintiff if not received electronically. (mms) (Entered: 01/06/2023) |
|---|---|---|
| 01/06/2023 | 6 (p.76) | Order for Scheduling Order Proposal: Proposed Scheduling Order due by 2/4/2023. (Ordered by Senior Judge Sidney A Fitzwater on 1/6/2023) (ndt) (Entered: 01/06/2023) |
| 01/06/2023 | 7 (p.79) | ORDER: The clerk of court has advised the court that counsel for plaintiff may not have complied with the local counsel requirement of N.D. Tex. Civ. R. 83.10(a). Accordingly, within 14 days of the date this order is filed, counsel must file with the clerk of courtone of the following: (1) a letter that demonstrates why counsel is not subject to, or is exempt from, the local counsel requirement of N.D. Tex. Civ. R. 83.10(a) or that points out how and when local counsel has previously been designated (2) a designation of local counsel that states local counsel's address and telephone number, as required by Fed. R. Civ. P. 11(a), and includes the information required by N.D. Tex. Civ. R. 10.1(b); or (3) a motion for leave to proceed without local counsel. (Ordered by Senior Judge Sidney A Fitzwater on 1/6/2023) (ndt) (Entered: 01/06/2023) |
| 01/19/2023 | 8 (p.81) | Unopposed MOTION Leave to Appear without Local Counsel filed by Abel Garza. (Attachments: # 1 (p.7) Proposed Order) (Peckham, Charles) Modified text on 1/20/2023 (sxf). (Entered: 01/19/2023) |
| 01/20/2023 | 9 | ELECTRONIC ORDER granting 8 (p.81) Unopposed MOTION for Leave to Appear without Local Counsel filed by Abel Garza. (Ordered by Senior Judge Sidney A Fitzwater on 1/20/2023) (Senior Judge Sidney A Fitzwater) (Entered: 01/20/2023) |
| 02/03/2023 | 10 (p.87) | Proposal for contents of scheduling and discovery order *Report* by Energy Transfer Partners LLC, La Grange Acquisition LP. (Swanger, Matthew) (Entered: 02/03/2023) |
| 02/07/2023 | 11 (p.91) | TRIAL SETTING ORDER: Trial set for two-week docket beginning 5/20/2024 before Senior Judge Sidney A Fitzwater. (Ordered by Senior Judge Sidney A Fitzwater on 2/7/2023) (mlb) (Entered: 02/08/2023) |
| 02/07/2023 | 12 (p.95) | SCHEDULING ORDER: Amended Pleadings due by 5/4/2023. Discovery due by 11/30/2023. Joinder of Parties due by 3/20/2023. Motions due by 12/29/2023. Status Report due by 11/30/2023. (Ordered by Senior Judge Sidney A Fitzwater on 2/7/2023) (mlb) (Entered: 02/08/2023) |
| 02/07/2023 | 13 (p.98) | ORDER: No later than 14 days after this order is filed, plaintiff must comply with Rule 81.2, or must adopt another party's previously-filed certificate, so that the court can ensure that recusal is not required in this case. (Ordered by Senior Judge Sidney A Fitzwater on 2/7/2023) (mlb) Modified text on 2/8/2023 (mlb). (Entered: 02/08/2023) |
| 02/08/2023 | 14 (p.100) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Abel Garza. (Clerk QC note: No affiliate entered in ECF). (Peckham, Charles) (Entered: 02/08/2023) |
| 03/22/2023 | 15 (p.103) | Joint MOTION for Protective Order filed by Energy Transfer Partners LLC, La Grange Acquisition LP (Attachments: # 1 (p.7) Proposed Order) (Swanger, Matthew) (Entered: 03/22/2023) |

| | | |
|---|---|---|
| 03/22/2023 | 16 (p.124) | AGREED PROTECTIVE ORDER (as modified by the court). ORDER granting 15 (p.103) Joint MOTION for Protective Order filed by Energy Transfer Partners LLC, La Grange Acquisition LP. (Ordered by Senior Judge Sidney A Fitzwater on 3/22/2023) (Senior Judge Sidney A Fitzwater) (Entered: 03/22/2023) |
| 11/30/2023 | 17 (p.135) | Joint STATUS REPORT *(Joint Estimate of Trial Length)* filed by Energy Transfer Partners LLC. (Swanger, Matthew) (Entered: 11/30/2023) |
| 11/30/2023 | 18 (p.137) | Joint STATUS REPORT *Regarding Progress of Settlement Negotiations* filed by Energy Transfer Partners LLC. (Swanger, Matthew) (Entered: 11/30/2023) |
| 12/29/2023 | 19 (p.139) | Joint MOTION for Extension of Time to File Dispositive Motions filed by Energy Transfer Partners LLC (Attachments: # 1 (p.7) Proposed Order) (Edwards, Kelley) (Entered: 12/29/2023) |
| 12/29/2023 | 20 (p.144) | ORDER granting 19 (p.139) Joint Motion for Extension of Time to File Dispositive Motions. Motions due by 1/4/2024. (Ordered by Senior Judge Sidney A Fitzwater on 12/29/2023) (axm) (Entered: 12/29/2023) |
| 01/04/2024 | 21 (p.145) | MOTION for Summary Judgment filed by Energy Transfer Partners LLC, La Grange Acquisition LP (Edwards, Kelley) (Entered: 01/04/2024) |
| 01/04/2024 | 22 (p.148) | Brief/Memorandum in Support filed by Energy Transfer Partners LLC, La Grange Acquisition LP re 21 (p.145) MOTION for Summary Judgment (Edwards, Kelley) (Entered: 01/04/2024) |
| 01/04/2024 | 23 (p.187) | Appendix in Support filed by Energy Transfer Partners LLC, La Grange Acquisition LP re 21 (p.145) MOTION for Summary Judgment , 22 (p.148) Brief/Memorandum in Support of Motion (Attachments: # 1 (p.7) Exhibit(s) 1, # 2 (p.66) Exhibit(s) 2-8) (Edwards, Kelley) (Entered: 01/04/2024) |
| 01/04/2024 | 24 (p.497) | MOTION for Judgment *on the Pleadings*, MOTION for Summary Judgment *Partial - on Affirmative Defenses* () filed by Abel Garza (Attachments: # 1 (p.7) Proposed Order) (Peckham, Charles) (Entered: 01/04/2024) |
| 01/04/2024 | 25 (p.502) | Brief/Memorandum in Support filed by Abel Garza re 24 (p.497) MOTION for Judgment *on the Pleadings* MOTION for Summary Judgment *Partial - on Affirmative Defenses* (Peckham, Charles) (Entered: 01/04/2024) |
| 01/04/2024 | 26 (p.529) | Appendix in Support filed by Abel Garza re 24 (p.497) MOTION for Judgment *on the Pleadings* MOTION for Summary Judgment *Partial - on Affirmative Defenses*, 25 (p.502) Brief/Memorandum in Support of Motion (Peckham, Charles) (Entered: 01/04/2024) |
| 01/23/2024 | 27 (p.756) | Joint MOTION for Extension of Time to File Responses to Dispositive Motions filed by Energy Transfer Partners LLC, La Grange Acquisition LP (Attachments: # 1 (p.7) Proposed Order) (Swanger, Matthew) (Entered: 01/23/2024) |
| 01/23/2024 | 28 (p.761) | ORDER granting 27 (p.756) Joint Motion for Extension of Time to File Responses to Dispositive Motions. Responses due by 2/8/2024. (Ordered by Senior Judge Sidney A Fitzwater on 1/23/2024) (cfk) (Entered: 01/24/2024) |
| 02/07/2024 | 29 (p.762) | RESPONSE filed by Abel Garza re: 21 (p.145) MOTION for Summary Judgment (Attachments: # 1 (p.7) Proposed Order) (Peckham, Charles) (Entered: 02/07/2024) |
| 02/07/2024 | 30 (p.765) | Brief/Memorandum in Support filed by Abel Garza re 29 (p.762) Response/Objection (Peckham, Charles) (Entered: 02/07/2024) |

| 02/07/2024 | 31 (p.813) | Appendix in Support filed by Abel Garza re 30 (p.765) Brief/Memorandum in Support of Motion *Part 1 of 2* (Peckham, Charles) (Entered: 02/07/2024) |
|---|---|---|
| 02/07/2024 | 32 (p.1084) | Appendix in Support filed by Abel Garza re 30 (p.765) Brief/Memorandum in Support of Motion *Part 2 of 2* (Peckham, Charles) (Entered: 02/07/2024) |
| 02/08/2024 | 33 (p.1264) | RESPONSE filed by Energy Transfer Partners LLC, La Grange Acquisition LP re: 24 (p.497) MOTION for Judgment *on the Pleadings* MOTION for Summary Judgment *Partial - on Affirmative Defenses* (Attachments: # 1 (p.7) Proposed Order Denying Plaintiff's Motion) (Edwards, Kelley) (Entered: 02/08/2024) |
| 02/08/2024 | 34 (p.1269) | Brief/Memorandum in Support filed by Energy Transfer Partners LLC, La Grange Acquisition LP re 33 (p.1264) Response/Objection, (Edwards, Kelley) (Entered: 02/08/2024) |
| 02/08/2024 | 35 (p.1289) | Appendix in Support filed by Energy Transfer Partners LLC, La Grange Acquisition LP re 33 (p.1264) Response/Objection, (Edwards, Kelley) (Entered: 02/08/2024) |
| 02/13/2024 | 36 (p.1601) | REPLY filed by Abel Garza re: 24 (p.497) MOTION for Judgment *on the Pleadings* MOTION for Summary Judgment *Partial - on Affirmative Defenses* (Peckham, Charles) (Entered: 02/13/2024) |
| 02/13/2024 | 37 (p.1608) | Appendix in Support filed by Abel Garza re 36 (p.1601) Reply (Peckham, Charles) (Entered: 02/13/2024) |
| 02/21/2024 | 38 (p.1910) | MOTION to Strike 31 (p.813) Appendix in Support filed by Energy Transfer Partners LLC, La Grange Acquisition LP (Attachments: # 1 (p.7) Proposed Order) (Edwards, Kelley) (Entered: 02/21/2024) |
| 02/21/2024 | 39 (p.1914) | Brief/Memorandum in Support filed by Energy Transfer Partners LLC, La Grange Acquisition LP re 38 (p.1910) MOTION to Strike 31 (p.813) Appendix in Support (Edwards, Kelley) (Entered: 02/21/2024) |
| 02/21/2024 | 40 (p.1923) | REPLY filed by Energy Transfer Partners LLC, La Grange Acquisition LP re: 21 (p.145) MOTION for Summary Judgment (Edwards, Kelley) (Entered: 02/21/2024) |
| 03/01/2024 | 41 (p.1934) | RESPONSE filed by Abel Garza re: 38 (p.1910) MOTION to Strike 31 (p.813) Appendix in Support (Attachments: # 1 (p.7) Proposed Amendment, # 2 (p.66) Proposed Order, # 3 (p.68) Proposed Order) (Peckham, Charles) (Entered: 03/01/2024) |
| 03/07/2024 | 42 (p.1948) | MEMORANDUM OPINION AND ORDER granting 21 (p.145) MOTION for Summary Judgment filed by Energy Transfer Partners LLC, La Grange Acquisition LP; denying 24 (p.497) MOTION for Judgment on the Pleadings, MOTION for Summary Judgment Partial - on Affirmative Defenses filed by Abel Garza; and denying as moot 38 (p.1910) MOTION to Strike 31 (p.813) Appendix in Support filed by Energy Transfer Partners LLC, La Grange Acquisition LP. (Ordered by Senior Judge Sidney A Fitzwater on 3/7/2024) (Senior Judge Sidney A Fitzwater) (Entered: 03/07/2024) |
| 03/07/2024 | 43 (p.1970) | JUDGMENT in favor of Energy Transfer Partners LLC, La Grange Acquisition LP against Abel Garza. (Ordered by Senior Judge Sidney A Fitzwater on 3/7/2024) (Senior Judge Sidney A Fitzwater) (Entered: 03/07/2024) |
| 03/08/2024 | 44 (p.1971) | NOTICE OF APPEAL as to 42 (p.1948) Memorandum Opinion and Order, 43 (p.1970) Judgment to the Fifth Circuit by Abel Garza. Filing fee $605, receipt number ATXNDC-14452276. T.O. form to appellant electronically at Transcript |

| | | |
|---|---|---|
| | | Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Peckham, Charles) (Entered: 03/08/2024) |
| 03/08/2024 | 45 (p.1974) | Transcript Order Form: re 44 (p.1971) Notice of Appeal,,,, transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Peckham, Charles) (Entered: 03/08/2024) |
| 03/21/2024 | 46 (p.1976) | BILL OF COSTS by Energy Transfer Partners LLC, La Grange Acquisition LP. (Attachments: # 1 (p.7) Exhibit(s), # 2 (p.66) Declaration(s)) (Swanger, Matthew) (Entered: 03/21/2024) |

# TAB 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ABEL GARZA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3-23-CV-00027-D** |
| | § | |
| **ENERGY TRANSFER PARTNERS,** | § | |
| **L.L.C.** | § | |
| **and LA GRANGE ACQUISITION, L.P.** | § | |
| | § | |
| **the Defendant.** | § | *Jury Trial Requested* |

## NOTICE OF APPEAL

Notice is hereby given that ABEL GARZA, Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Memorandum and Order [Doc 42] and  Judgment [Doc. 43] both entered in this action on March 7, 2024 which dismissed the Plaintiff's claims. Plaintiff files this Notice of Appeal pursuant to 28 U.S.C. §1291 and Rules 3 and 4 of the Federal Rules of Appellate Procedure.

The District Court dismissed Plaintiff's claims after granting Defendants' Motion for Summary Judgment with Brief in Support [Docs. 21, 22] and denying (as moot) the Plaintiff's Motion for Judgment on the Pleadings and/or Partial Summary Judgment Regarding Defendants' Affirmative Defenses with Brief in Support [Docs. 24, 25].

This appeal is timely, pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, because the District Court entered the Order and Judgment on March 7, 2024.

Respectfully submitted,

_____
Charles H. Peckham
FBN:  15770
TBN: 15704900
cpeckham@pmlaw-us.com

Mary A. Martin
TBN:  00797280
FBN:  12272
mmartin@pmlaw-us.com

PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas  77057
(713) 574-9044

**COUNSEL FOR
PLAINTIFF/APPELLANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to the following on this the 8th day of March 2024 via electronic service:

Kelley Edwards (Attorney in Charge)
kedwards@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010

Matthew A. Swanger (Local Counsel)
mswanger@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931

**COUNSEL FOR DEFENDANTS/APPELLEES ENERGY TRANSFER PARTNERS, L.L.C. and LA GRANGE ACQUISITION, L.P.**

_____
Charles H. Peckham

TAB 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABEL GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-0027-D |
| | § | |
| ENERGY TRANSFER PARTNERS, | § | |
| L.L.C. and LA GRANGE | § | |
| ACQUISITION, L.P., | § | |
| | § | |
| Defendants. | § | |

## **JUDGMENT**

For the reasons set out in a memorandum opinion and order filed today, it is ordered and adjudged that plaintiff's action is dismissed with prejudice.

Defendants' taxable costs of court, as calculated by the clerk of court, are assessed against plaintiff.

Done at Dallas, Texas March 7, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

TAB 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABEL GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-0027-D |
| | § | |
| ENERGY TRANSFER PARTNERS, | § | |
| L.L.C. and LA GRANGE | § | |
| ACQUISITION, L.P., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Abel Garza ("Garza") sues defendants Energy
Transfer Partners, L.L.C. ("Energy Transfer") and La Grange Acquisition, L.P. ("La
Grange"), alleging various discrimination and retaliation claims under the Texas Commission
on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. §§ 21.001-21.556 (West 2021), and
the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"),
38 U.S.C. § 4301 *et seq.*  Defendants move for summary judgment as to Garza's claims.
Garza moves for judgment on the pleadings, or, in the alternative, for partial summary
judgment, as to five of defendants' affirmative defenses.  For the reasons that follow, the
court grants defendants' motion, denies Garza's motion as moot, and dismisses this action
with prejudice.

24-10208.1948

I

Garza worked for La Grange, a subsidiary of natural gas pipeline company Energy Transfer, at the King Ranch Gas Plant between 2015 and 2022. Most recently, Garza worked as a "Plant Operator A," which made him "responsible for the operation of compressors, motors, cooling equipment, pumps, valves, pipelines and other related gas processing equipment." Ds. Br. (ECF No. 22) at 3; Ds. App. (ECF No. 23) at 254-55. In this role, Garza's core duties included operating and inspecting equipment, responding to alarms and problems within the plant, and overseeing construction and maintenance activities. These duties required him to work in confined spaces and around loud machinery.

Garza, a combat veteran, suffers from various disabilities stemming from his military service, including generalized anxiety disorder, depression, and post-traumatic stress disorder, and he has undergone extensive medical treatment for those disabilities since 2009. At the time La Grange hired him, Garza disclosed both his military service and his disabilities.

In April 2021[1]—after he allegedly "experienced increasing anxiety in his workplace due to Boiler/Plant upsets, flaring, and the noise (alarms) in a contained area of the plant in which he worked (the Powerhouse) as well as not having help when needed," Compl. ¶ 16—Garza notified the company's Supervisor of Leave Administration that he required medical accommodations related to his disabilities. Garza alleges that, in particular, when

---

[1]Because it may facilitate the reader's understanding of this decision, the court will set out the pertinent dates in greater detail than it typically does.

alarms went off in his work area or when he needed to work in enclosed areas, he sometimes could not concentrate, had trouble breathing, developed headaches, and became emotional. *See* P. App. (ECF No. 31) at 22-26.  He requested either that he be reassigned to a different position in another area of the plant or that another individual be assigned to work with him in case he had problems performing his regular duties.  By late June 2021, the company sought and obtained information from Garza's doctor about his functional limitations.

On July 7, 2021 Garza requested and was approved for short-term disability leave. Garza alleges that he took this leave because defendants had by that point failed to provide him with any accommodations for his disabilities.  Several weeks after he went on leave, the company sent Garza a Return-to-Work form.  Garza's doctor submitted the form, clearing Garza to return to work but specifying that he required temporary accommodations, including reassignment to a less restrictive, less noisy, and more predictable environment.  Between July 2021 and October 22, 2021, however, the company's Human Resources department allegedly provided Garza no updates regarding whether it would provide him with such accommodations, and he remained on leave.

On October 14, 2021 Garza interviewed for a different position within the company and was allegedly "led to believe that he was going to be hired into that position."  P. Br. (ECF No. 30) at 15; *see* P. App. (ECF No. 31) at 63-67, 263-64.  But the day after he interviewed, the company hired an external candidate for the position, in apparent violation of its policy favoring the hiring of internal candidates.  And the company allegedly did not inform Garza that he had not been selected until January 2022.  On October 21, 2021 Garza

also inquired about another position at the company from which an employee had recently retired.

On October 22, 2021 the company denied Garza's requested accommodations, stating in a letter: "Your medical provider confirmed that your conditions are primarily situational/family-related.  Further, any medical conditions you have are temporary in nature, and your request for accommodations are based on personal desires with no medical reason necessitating such changes."  P. App. (ECF No. 32) at 291.  Garza communicated his opposition to this decision and remained on leave.

On November 2, 2021 the company sent Garza a reminder that his leave would expire on January 6, 2022, and allegedly informed him that, if he did not return to work by that date, it would terminate his employment.  Throughout late November and December 2021, Garza emailed various company representatives inquiring about the position for which he had interviewed and the availability of additional positions at the company.  On January 4, 2022 a company representative finally informed Garza that he had not been hired for the position for which he had interviewed.

The same day, January 4, 2022, Garza filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that defendants had engaged in age discrimination, disability discrimination, and retaliation under the TCHRA, as well as discrimination and retaliation under USERRA.

Garza remained on leave after January 6, 2022.  At some point, he applied for long-term disability leave, which was denied.  Allegedly "[b]elieving he ha[d] been terminated

-4-

based upon the denial of his [long-term disability leave request] and Defendant's correspondence and communications," Garza applied for unemployment benefits.  P. Br. (ECF No. 30) at 18; *see* P. App. (ECF No. 32) at 340-59.  He was approved for unemployment beginning on February 20, 2022, a fact of which defendants allegedly had notice by late March 2022.  On April 20, 2022 the company sent Garza a letter reiterating why it could not accommodate him and providing him with one more opportunity to return to work.  When he did not return to work, Garza's employment was officially terminated.

Garza timely filed this suit in state court, and defendants removed the case to this court.  Defendants now move for summary judgment as to Garza's claims.  Garza moves for judgment on the pleadings, or, in the alternative, for partial summary judgment, as to five of defendants' affirmative defenses.[2]  The court is deciding these motions on the briefs, without oral argument.[3]

---

[2]These defenses are: (1) that Garza's claims are barred by the applicable statute of limitations; (2) that Garza has failed to properly exhaust his administrative remedies; (3) that his damages may be barred or limited by the after-acquired evidence doctrine; (4) that Garza failed to mitigate his damages; and (5) that defendants had mixed motives—i.e., they would have taken the same actions even in the absence of any alleged discriminatory motive. Because the court is denying Garza's motion as moot, it need not discuss these defenses in detail.

[3]Defendants have also moved to strike portions of Garza's summary judgment evidence.  Defendants contend that exhibits 1 through 4 of Garza's appendix accompanying his response to defendants' summary judgment motion are incompetent summary judgment evidence because they fail to demonstrate the declarants' personal knowledge, contain conclusory statements, contain hearsay, and are irrelevant.  The court is not relying on these four exhibits in deciding defendants' summary judgment motion.  Accordingly, defendants' motion to strike is denied without prejudice as moot.  *See, e.g.*, *Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affs.*, 860 F.Supp.2d 312, 317 n.9 (N.D. Tex.

-5-

II

Defendants move for summary judgment as to claims on which Garza will bear the initial burden of proof at trial. When summary judgment movants will not have the burden of proof on a claim at trial, they can obtain summary judgment by pointing to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once they do so, the nonmovant must go beyond his pleadings and designate specific facts to demonstrate that there is a genuine issue of material fact for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen LandCare, LLC v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

The court turns first to defendants' motion, in which they ask the court to grant summary judgment as to "all of" Garza's claims. Ds. Br. (ECF No. 21) at 1. The court considers in turn each claim that defendants specifically address in their motion.

_____

2012) (Fitzwater, C.J.); *RLI Ins. Co. v. Phila. Indem. Ins. Co.*, 421 F.Supp.2d 956, 959 n.3 (N.D. Tex. 2006) (Fitzwater, J.)

A

Garza brings a TCHRA disability discrimination claim against defendants.

1

To establish a TCHRA disability discrimination claim using circumstantial evidence,[4] a plaintiff must prove that: (1) he has a disability; (2) he was qualified for the job he held; and (3) he was subject to an adverse employment decision on account of his disability. *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014); *Burns v. Nielsen*, 456 F.Supp.3d 807, 824 (W.D. Tex. 2020).[5]

Defendants contend that Garza cannot establish a TCHRA disability discrimination claim because he has presented insufficient evidence as to the second and third elements of the *prima facie* case.

To avoid summary judgment as to the second element—that he was qualified for the

---

[4]"Because TCHRA was modeled after federal civil rights law and is intended to coordinate state law with federal law in employment discrimination cases, the Texas Supreme Court interprets TCHRA in light of federal law and the cases interpreting that law." *Lloyd v. Birkman*, 127 F.Supp.3d 725, 745 n.5 (W.D. Tex. 2015) (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010)). "Because the TCHRA 'parallels the language of the [Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*],'" the Fifth Circuit "follow[s] ADA law in evaluating" TCHRA disability discrimination claims. *Williams v. Tarrant Cnty. Coll. Dist.*, 717 Fed. Appx. 440, 445-46 (5th Cir. 2018) (per curiam) (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285-87 (5th Cir. 2004)).

[5]Defendants posit that a *prima facie* case of disablity discrimination also includes a fourth required element: that the plaintiff "was replaced by or treated less favorably than non-disabled employees." Ds. Br. (ECF No. 22) at 10. The Fifth Circuit has rejected the inclusion of that element in the *prima facie* case, holding that a plaintiff need show only the first three elements. *See LHC Grp.*, 773 F.3d at 695-97. The court therefore need not consider defendants' briefing that pertains to the purported fourth element.

-7-

job he held—Garza must show either (1) that he could "perform the essential functions of the job in spite of his disability," or, if he could not, (2) that "a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." *LHC Grp.*, 773 F.3d at 697 (quoting *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996) (per curiam)).  "A function is 'essential' if it bears 'more than a marginal relationship' to the employee's job." *Id.* (quoting *Chandler v. City of Dallas*, 2 F.3d 1385, 1393 (5th Cir. 1993), *holding modified on other grounds as discussed in Kapche v. City of San Antonio*, 304 F.3d 493 (5th Cir. 2002) (per curiam)).  "Courts owe deference to an employer's position description" when determining what functions are essential, *id.* (citing 42 U.S.C. § 12111(8)), but "[t]he inquiry into whether a particular function is essential initially focuses on whether the employer actually requires employees in the position to perform" those functions, *id.* at 698 (citation omitted).

"Reasonable accommodations" include

> job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9)(B).  "For the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant." *Silva v. City of Hidalgo*, 575 Fed. Appx. 419, 423 (5th Cir. 2014) (per curiam) (quoting *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997)).  "The plaintiff bears the burden of proving that an available

-8-

position exists that he was qualified for and could, with reasonable accommodations, perform." *Id.* (quoting *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007)). Employers are not required in the name of providing reasonable accommodations to "adjust co-workers' duties to make them work longer or harder" or to "relieve [the plaintiff] of any essential functions of [his] job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so." *Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999) (citations omitted).

2

As to the first prong of this element, defendants point out that both the "Plant Operator A" job description and Garza's deposition testimony concerning what he was actually required to do in his position corroborate that "the essential functions of Plaintiff's job included the ability to work independently, respond to alarms and problems within the plant while taking corrective measures, react to high stress/emergency situations in a deliberate, thoughtful, and timely manner, and work in confined spaces and around loud machinery." Ds. Br. (ECF No. 22) at 11-12; *see* Ds. App. (ECF No. 23) at 77-81, 301-03. Defendants maintain that Garza has failed to produce any evidence that he could perform these functions, despite his disability, without accommodation. Garza does not appear to contest this assertion. He has therefore failed to produce that would enable a reasonable jury to find in his favor on this prong.

Concerning the second prong, defendants posit that Garza has presented no evidence that there were any reasonable accommodations that would have enabled him to perform the

essential functions of the job.  Garza requested either to be reassigned to a different position or to have another employee trained to assist if his disability affected his ability to perform his job.  Garza has not responded to defendants' proffered evidence that his request to be reassigned to another position was unreasonable because the positions he identified either did not exist or he was not qualified for them.  He does, however, assert that training another employee to help him would have been a reasonable accommodation, because the specified employee "was already set as the back-up to the Powerhouse," although not yet trained for it.  P. Br. (ECF No. 30) at 21.

The evidence Garza cites in support of this assertion is insufficient, however, for a reasonable jury to find in his favor.  He points to no evidence that would enable a reasonable jury to find that backing him up in the Powerhouse was already an official part of this employee's job description or actual duties.  Such evidence would be necessary for a reasonable jury to find that this accommodation was not "adjust[ing] co-workers' duties to make them work longer or harder" or to "reassign[ing] existing employees to perform [his] jobs."  *Burch,* 174 F.3d at 621.  Consequently, Garza has not met his summary judgment burden as to the second prong of this element.

Because Garza has failed to adduce sufficient proof for a reasonable jury to find in his favor as to either prong of this essential element of his TCHRA disability discrimination claim, *see TruGreen Landcare*, 512 F.Supp.2d at 623, defendants are entitled to summary

-10-

judgment dismissing his TCHRA disability discrimination claim.[6]

## B

Garza also alleges a TCHRA-based age discrimination claim.

### 1

When a plaintiff seeks to recover under the TCHRA for disparate treatment based on age,[7] he must establish that his age "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). To prove this, the plaintiff must show under the *McDonnell Douglas* burden-shifting framework that (1) he is a member of the protected class—i.e., age 40 or older; (2) he was qualified for the position at issue; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated individuals who were not members of the protected class. *Mission Consol. Indep. Sch. Dist v. Garcia*, 372 S.W.3d 629, 640 (Tex. 2012) (quoting *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 591 (Tex. 2008) (per curiam)); *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020).

---

[6]In view of this conclusion, the court need not reach the parties' arguments as to the claim's third element: whether Garza was subject to an adverse employment decision on account of his disability.

[7]The Fifth Circuit recognizes that "the same analysis and evidence applies under the TCHRA" as under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq. See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 n.2 (5th Cir. 2012).

2

Defendants contend that they are entitled to summary judgment on this claim because Garza has failed to present sufficient evidence that his age actually played a role in defendants' decision to terminate his employment.  Garza responds that there is a "clear causal connection" between his age and his termination because "[s]everal substantially younger persons were placed in the positions that [he] sought for accommodation."  P. Br. (ECF No. 30) at 44.  He also maintains that he "clearly suffered an adverse employment action" when "he was kept from returning to work until he was ultimately terminated from his employment."  P. Br. (ECF No. 30) at 45.  This response is insufficient to satisfy Garza's burden as the summary judgment nonmovant.  Notably, as discussed *supra* at § III(A)(2), Garza has failed to point to evidence that would enable a reasonable jury to find that he was qualified either for his position as "Plant Operator A" or for the positions he suggested he be transferred to as a reasonable accommodation of his disability.

Because Garza has failed to produce sufficient proof as to this essential element of his TCHRA age discrimination claim, *see TruGreen Landcare*, 512 F.Supp.2d at 623, defendants are entitled to summary judgment dismissing this claim.

## C

The court next considers Garza's TCHRA retaliation claim.

-12-

1

To recover on a TCHRA retaliation claim,[8] a plaintiff must prove that: (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse employment action.  *Milteer v. Navarro County*, 2023 WL 3575626, at *9 (N.D. Tex. May 19, 2023) (Fitzwater, J.) (citing *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018)), *appeal docketed,* No. 23-10872 (5th Cir. Aug. 22, 2023).  "[T]he requirement that a plaintiff show at the *prima facie* case stage a 'causal link' between a protected activity and an adverse employment action is 'much less stringent' than the 'but for' causation that the trier of fact must find."  *Id.* (citing *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001); *Khanna v. Park Place Motorcars of Hous., Ltd.*, 2000 WL 1801850, at *4 (N.D. Tex. Dec. 6, 2000) (Fitzwater, J.)).  "At the *prima facie* stage, courts routinely hold that an employee meets his *prima facie* burden with proof that the protected activity was followed shortly by an adverse employment action."  *Milteer*, 652 F.Supp.3d at 766 (citations omitted).  While a period of three months between the protected activity and the adverse employment action is not close enough to show a causal connection, the Fifth Circuit has indicated that two and one-half months is sufficiently close.  *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S.

_____

[8]"Because one of the purposes of the TCHRA is to 'provide for the execution of the policies of [Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*],'" the Fifth Circuit has "consistently held" that Title VII and the cases interpreting it "guide [its] reading of the TCHRA."  *Reed*, 701 F.3d at 439.

-13-

268, 273-74 (2001) (per curiam)).

### 2

Defendants contend that Garza cannot establish a TCHRA retaliation claim because he has presented insufficient evidence of a causal link between his filing of an EEOC Charge of Discrimination—which is a protected activity, *see* Tex. Lab. Code § 21.055—and his termination.  In response, Garza merely restates the elements of the *prima facie* case.  He does not point to evidence in the summary judgment record that would enable a reasonable jury to find in his favor.  Consequently, defendants are entitled to summary judgment dismissing his TCHRA retaliation claim.

### D

Garza also alleges a discrimination claim under USERRA.

### 1

USERRA provides that a veteran "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of" his military service.  38 U.S.C. § 4311(a).  To establish a USERRA discrimination claim based on prior military service, a plaintiff must prove that his veteran status was a "motivating factor"—although not necessarily the sole factor—in an adverse employment action taken by the employer.  38 U.S.C. § 4311(c)(1); *Bradberry v. Jefferson County*, 732 F.3d 540, 545 (5th Cir. 2013).  Discriminatory motivation

> may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001) (citation omitted).

2

Defendants contend that Garza has not produced proof that his military status was a "motivating factor" in his termination.  They point to evidence that Garza was discharged after the company repeatedly informed him that it could not accommodate his disability and after he failed to return to work after his leave ended, and that Garza has admitted that no one at the company made any negative comments about his military service.  In response, Garza makes the conclusory assertion that, because his disability was service-related, defendants' "failure to accommodate was a *de facto* service-related discrimination."  P. Br. (ECF No. 30) at 46.  But he does not go beyond his pleadings and point to specific facts in the summary judgment record indicating that there is a genuine issue of material fact for trial on this point.  Consequently, defendants are entitled to summary judgment dismissing his USERRA discrimination claim.

E

Garza also brings a USERRA-based retaliation claim.

-15-

1

Under USERRA, an employer may not take adverse employment actions against: "(1) those who have taken action to enforce protections offered by USERRA, (2) those who have testified in a USERRA proceeding, (3) those who have participated in a USERRA investigation, and (4) those who have exercised a right provided for by USERRA." *Otero v. N.M. Corrs. Dep't*, 640 F.Supp.2d 1346, 1353 (D.N.M. 2009) (citing 38 U.S.C. § 4311(b)). "To support such a claim, Plaintiff must first show that he took an action protected by USERRA." *Id.* (citing *Quick v. Frontier Airlines, Inc.*, 544 F.Supp.2d 1197, 1208 (D. Colo. 2008)); *see Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007). "Plaintiff next has the burden of showing by a preponderance of the evidence that his protected action was a substantial or motivating factor in the adverse employment action taken against him." *Otero*, 640 F.Supp.2d at 1353 (citing *Quick*, 544 F.Supp.2d at 1209); *see Wallace*, 479 F.3d at 624. "If the employee satisfies this burden, the employer 'may then avoid liability only by showing . . . that [it] would have taken the same action without regard to [Plaintiff's] protected status.'" *Otero*, 640 F.Supp.2d at 1353 (alterations in original) (citing *Quick*, 544 F.Supp.2d at 1209); *see Wallace*, 479 F.3d at 624.

2

Defendants contend that Garza has no evidence that his filing of an EEOC Charge of Discrimination was a "motivating factor" in the decision to terminate his employment. They point to evidence in the summary judgment record indicating that there were other bases for the termination. Garza makes no response to defendants' contention or to their asserted

-16-

evidence, nor does he anywhere in his brief point to evidence that could show a genuine issue for trial.   Accordingly, defendants are entitled to summary judgment dismissing his USERRA-based retaliation claim.

IV

Garza's response brief indicates that his state-court original petition should be read to allege several other TCHRA claims that defendants do not address in detail in their summary judgment motion: (1) harassment based on Garza's disability, (2) failure to accommodate Garza's disability, and (3) harassment based on Garza's age.[9]   Although defendants do not make detailed arguments as to these claims, they do point to the absence of evidence to support these claims by expressly moving for summary judgment as to "all of" Garza's claims.  Ds. Br. (ECF No. 21) at 1; *see Celotex Corp.*, 477 U.S. at 325 (holding that summary judgment movant who will not have the burden of proof on a claim at trial can obtain summary judgment by pointing to the absence of evidence on any essential element of the nonmovant's claim).[10]   The court will therefore address whether Garza has met his

_____

[9]Defendants did not file a Rule 12(b)(6) or Rule 12(c) motion in this case, so the record has not been clarified prior to the summary judgment stage as to whether Garza actually intends to plead these causes of action.

[10]To meet its summary judgment burden, a moving party must "inform[] the district court of the basis for its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  It need not "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* (emphasis in original).  Given that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . it should be interpreted in a way that allows it to

summary judgment burden as to each of these claims.

A

The court turns first to Garza's TCHRA claim that he was harassed based on his disability.

1

To succeed on a claim of disability-based harassment under TCHRA, a plaintiff must prove:

> (1) that [he] belongs to a protected group; (2) that [he] was subjected to unwelcome harassment; (3) that the harassment complained of was based on [his] disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action.

*Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001) (quoting *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998) (per curiam)). To constitute harassment, the conduct in question must "be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment." *Id.* (quoting *McConathy*, 131 F.3d at 563).

2

Garza has failed to designate specific facts that would enable a reasonable jury to find

---

accomplish this purpose." *Id.* at 323-24. So although defendants' motion does not specifically reference individual portions of Garza's pleadings as to these additional claims, the court deems defendants' statement adequate to meet their summary judgment burden, because doing so allows the court to dispose of these clearly factually unsupported claims.

-18-

in his favor as to this claim. Garza proffers evidence indicating that he encountered an "accommodation blockade" at the time he requested accommodations and afterward, while he was on short-term disability leave, and that defendants waited several months to inform him that he had not been selected for the alternative position for which he had interviewed. P. Br. (ECF No. 30) at 40-41. But an employer's "cold shouldering" or "insensitivity toward" a plaintiff's needs in connection with the plaintiff's disability does not constitute "sufficiently pervasive disability-based harassment." *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003) (citing *McConathy*, 131 F.3d at 563-64). Because Garza has failed to produce evidence that could cause a reasonable jury to find in his favor on this claim, defendants are entitled to summary judgment.

B

The court next considers Garza's TCHRA-based claim that defendants failed to accommodate his disability.

1

Under TCHRA, "it is unlawful for an employer to fail to accommodate the known limitations of an employee's disability." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 587 (5th Cir. 2020) (quoting *Credeur v. La. through Off. of Att'y Gen.*, 860 F.3d 785, 792 (5th Cir. 2017)). The plaintiff "must prove the following statutory elements to prevail in [his] failure-to-accommodate claim: (1) [he] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v.*

-19-

*La. Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (internal quotation marks omitted).

2

Defendants maintain that Garza "has not made a claim of 'failure to accommodate' under the TCHRA."  Ds. Br. (ECF No. 22) at 10 n.43; Ds. Reply (ECF No. 40) at 3-4.  But substantial portions of Garza's petition concern his pursuit of disability accommodations, and the petition repeatedly alleges that defendants did not accommodate him after he made his limitations formally known.  *See* Pet. ¶¶ 17-18, 24-25.[11]

Regardless whether Garza has pleaded this claim, he has not met his summary judgment burden, because he has failed to produce proof that would enable a reasonable jury to find that he was qualified either for his position as "Plant Operator A" or for the positions he suggested he be transferred to as a reasonable accommodation of his disability.  Although he cites evidence that he was trained for, had previously performed, or had prior work experience fitting the job description of each of these positions, *see* P. Br. (ECF No. 30) at 36-39, that is not what the law requires him to show.  To avoid summary judgment as to the qualification element of this claim, he must prove (and, at the summary judgment stage, create a genuine fact issue regarding) either (1) that he could "perform the essential functions of the job in spite of his disability," or, if he could not, (2) that "a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." *LHC*

---

[11]Garza's response brief also affirmatively contends that he has made such a claim. *See* P. Br. (ECF No. 30) at 22.

*Grp.*, 773 F.3d at 697 (quoting *Turco*, 101 F.3d at 1093).  As discussed *supra* § III(A)(2), he has not done so.  Because Garza has failed to adduce proof as to this essential element of the claim, defendants are entitled to summary judgment.

## C

Finally, the court considers Garza's TCHRA claim that he was harassed based on his age.

### 1

To prevail on an age-based hostile work environment claim, a plaintiff must prove that: "(1) he was over the age of 40; (2) [he] was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer."  *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (citation omitted).  The workplace must be "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment."  *Id.* (quoting *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009)).

### 2

Garza does not go beyond his pleadings and point to any evidence substantiating the last three elements of his claim of harassment based on age.  His assertions as to defendants' actions based on his age are conclusory.  Consequently, defendants are entitled to summary judgment dismissing this claim.

-21-

V

In addition to opposing defendants' summary judgment motion, Garza moves for judgment on the pleadings, or, in the alternative, for partial summary judgment, as to defendants' affirmative defenses. Because defendants are entitled to summary judgment dismissing all of Garza's claims, the court need not reach Garza's motion and decide whether defendants can prevail on their affirmative defenses. The court therefore denies Garza's motion without prejudice as moot.

\* \* \*

For the reasons explained, the court grants defendants' motion for summary judgment, denies Garza's motion for judgment on the pleadings, or, in the alternative, for partial summary judgment, as moot, and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

March 7, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

24-10208.1969

# TAB 5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of June 2024 an electronic copy of the foregoing Record Excerpts were filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

Respectfully Submitted,

*/s/ Charles H. Peckham*
Charles Henry Peckham
Mary Abbott Martin
Peckham Martin, PLLC
800 Bering Drive
Houston, TX 77057

*Counsel for Appellant*